IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES M. IVEY, III, TRUSTEE, ) | Case No. 05-11641 |
| ) | |
| Plaintiff, ) | Adv. No. 05-2106 |
| v. ) | |
| ) | |
| BOBBY EARL BALDWIN and ) | |
| PATRICE SHARP BALDWIN, et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on August 10, 2006 upon the Motion by the Plaintiff for Sanctions against the Defendants for Failure to Comply with Discovery Requests (the "Sanctions Motion"). At the hearing, J. Marshall Shelton was present on behalf of the Plaintiff and Edward D. Dilone was present on behalf of the Defendants.

Based upon the testimony and evidence presented at the hearing, a review of the Sanctions Motion, and a review of the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

### FACTS

1. On September 16, 2005, the Plaintiff filed this adversary proceeding.

2. On December 7, 2005, a Scheduling Order was entered setting a deadline for limited discovery through January 31, 2006. The Plaintiff served his first set of discovery requests on the Defendants during this time.

3. On January 25, 2006, the Defendants filed a Motion to Dismiss the Adversary.

The Defendants did not respond to the Plaintiff's first set of discovery requests.

4. On March 15, 2006, the Defendants' motion to dismiss the adversary was denied, and the Plaintiff was awarded partial summary judgment; the Court determined that the partnership interest at issue was an asset of the bankruptcy estate.

5. On April 20, 2006, a new Scheduling Order was entered setting new discovery deadlines.

6. On April 20, 2006, the Plaintiff filed his second set of discovery requests, which were served on the Defendants on April 24, 2006. Said discovery consisted of fifteen interrogatories and thirteen requests for production of documents.

7. On May 30, 2006, the day that the second set of discovery requests were due, the Defendants informed the Plaintiff that they would not timely produce responses to the second set of discovery and requested an extension of time through June 6, 2006. The Plaintiff responded affirmatively, but on June 6, 2006, the Defendants again informed the Plaintiff that no responses would be provided on that day.

8. On June 15, 2006, the deadline for filing written discovery requests expired.

9. On June 22, 2006, the Plaintiff filed the Sanctions Motion due to the Defendants' failure to answer discovery requests.

10. On July 6, 2006, the Defendants filed a motion for additional time to respond to the Sanctions Motion, which was granted, and the Defendants were allowed through July 14, 2006 to respond.

11. The Sanctions Motion was set for hearing on July 12, 2006. However, at the Defendants' request, the Court continued the hearing to August 8, 2006.

12. On July 14, 2006, Defendants again filed a motion requesting additional time to respond to the Sanctions Motion through July 18, 2006. This motion was also granted.

13. On July 17, 2006, the Defendants filed their response to the Sanctions Motion.

14. On August 2, 2006, the Defendants filed an additional response to the Sanctions Motion.

15. August 4, 2006 was the deadline for completion of all discovery in the case. As of that date, the Plaintiff had received no responses to discovery requests.

16. On August 8, 2006, the Defendants filed a motion to continue the hearing on the Sanctions Motion set for August 10, 2006. This motion was denied.

## DISCUSSION

The Defendants failure to comply with the Scheduling Order and to respond to the Plaintiff's discovery requests demonstrates a consistent pattern of dilatory behavior. The Defendants have hindered and delayed this proceeding.

It has been three and a half months since the Plaintiff served the Defendants with the second set of discovery requests and over five months since the Plaintiff served the Defendants with the first set of discovery requests. The Court has reviewed the second set of discovery requests and finds that they are reasonable. At the hearing, the Defendants stated that they produced some of the responses to the Plaintiff immediately before the hearing. However, these responses were untimely and incomplete.

At the hearing, Donna S. Sharpe testified on behalf of the Defendant. Ms. Sharpe has

been a partner of Sharpe Industries Limited Partnership (the "Partnership")[1] since it was formed in 1993 and serves as the registered agent for the Partnership. She testified that she drafted the partnership agreement for the Partnership with the help of attorney Dorn C. Pittman. She testified that Mr. Pittman has been the attorney for the Partnership since 1993 and that he usually advises her with regard to the Partnership. Ms. Sharpe testified that she contacted Mr. Pittman and requested his help in answering the discovery requests but that he did not help her. When asked by the Court why Mr. Pittman did not help her, she responded that she did not know. When she was asked when she sought Mr. Pittman's help, Ms. Sharpe stated that she could not remember; she could not even remember if it was in calendar year 2005 or calendar year 2006.

Ms. Sharpe also testified that the Partnership has an accountant who has the records for the Partnership, and that she asked the accountant for help answering the Discovery Requests. However, she said (without explanation) that the accountant did not help her and, again, she could not remember when she sought his assistance.

Ms. Sharpe admitted that as a general partner of the Partnership, she has a right to obtain all Partnership records that were requested in the discovery requests. She stated that she does not understand legal documents (including the discovery requests) and that she relies on Mr. Pittman and her attorney in this case (Mr. Dilone) to assist her.

Ms. Sharpe was not a credible witness. She could not remember dates or time frames and blamed her attorneys and accountant for her failure to respond to the discovery requests. Blaming an attorney or an accountant for her failure to comply is wholly unacceptable and

---

[1] Records and information regarding the partnership are the main topic of the Discovery Requests.

constitutes no response at all.  There are many attorneys and accountants in North Carolina, and if Mr. Pitman and Mr. Dilone refused to help her, then she should have consulted others.  At no time did Ms. Sharpe indicate any reason that the Partnership could not have employed other attorneys to assist her in answered the Plaintiff's discovery requests.

Martha O. Sharpe also testified on behalf of the Defendants.  Ms. Martha Sharpe testified that she was a partner of the Partnership but that her interest ended two years ago.  When questioned about the Plaintiff's discovery requests, Ms. Martha Sharpe testified that she did not remember receiving them and could not remember anything else concerning them.[2]

## CONCLUSION

The Defendants have had several extensions of time to respond to the Plaintiff's discovery requests, and they have repeatedly failed to do so.  Blaming an attorney or an accountant for one's failure to comply with discovery requests is unacceptable and unresponsive.  The Defendants have stated no legally recognizable reason for not answering the discovery requests.[3]  They have been dilatory and have hindered and delayed this case.

The Court hereby orders as follows:

1.   The Defendants must file complete responses to the Plaintiff's second set of discovery requests with the Court and serve the same on the Plaintiff by August 25, 2006.

2.   The Plaintiff shall have through October 16, 2006 to complete all further discovery.

---

[2] The Defendants stipulated that they received both sets of the Plaintiff's discovery requests and failed to timely respond.

[3] The Defendants have not alleged that the Plaintiff's discovery requests are privileged or contain attorney work product.

3. The discovery period expired for the Defendants on August 4, 2006 and will not be extended.

4. The Defendants shall be sanctioned by paying the attorney fees and costs incurred by the Plaintiff in filing and prosecuting the Sanctions Motion.

5. The Plaintiff shall have through August 16, 2006 to file an affidavit of time and expenses incurred in filing and prosecuting the Sanctions Motion.

6. The Defendants shall have through August 21, 2006 to file any objection(s) thereto. If an objection is timely filed, a hearing will be held on August 24, 2006.

7. Although the record fully supports the granting of all relief requested by the Plaintiff, the Plaintiff's request for a default judgment and for dissolution of the Partnership is hereby denied without prejudice. The Plaintiff may renew its request for such relief if future events so warrant.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES M. IVEY, III, TRUSTEE, | ) | Case No. 05-11641 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-2106 |
| v. | ) | |
| | ) | |
| BOBBY EARL BALDWIN and | ) | |
| PATRICE SHARP BALDWIN, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PARTIES IN INTEREST

Charles M. Ivey, III, Esquire

J. Marshall Shelton, Esquire

Edward D. Dilone, Esquire

Bobby E. Baldwin

Patrick S. Baldwin

Donna S. Sharpe

Martha O. Sharpe

John Doe

Sharpe Industries Limited Partnership